UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MERVIN HODGE,**  *Plaintiff*,  v.  **U.S. BANK NATIONAL ASSOCIATION, et al.,**  *Defendants.* | Civil Action No. 16-2200  **OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Mervin Hodge's ("Plaintiff") motion for default judgment against Defendant U.S. Bank National Association as Trustee, Successor in Interest to Bank of America, N.A., as Trustee, Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2005-6 ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 7. For the reasons set forth herein, the motion is **DENIED**.

**I.  BACKGROUND**

Plaintiff is a New Jersey resident. Complaint ¶ 11, ECF No. 1. Defendant U.S. Bank is an entity whom Plaintiff alleges "claims to have an interest in the mortgage" at issue in this matter. Id. ¶ 12. Plaintiff alleges that Defendant U.S. Bank's principal place of business is at 425 Walnut Street, Cincinnati, OH 45202 and that the bank "does not have a registered agent to effect service in the state of New Jersey." Id.

Plaintiff's Complaint is difficult to follow but appears to allege violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Plaintiff claims to have entered into a mortgage agreement with "Lehman Brothers Bank, FSB" on or before March 31, 2005. See Compl. ¶ 19-

1

21. Plaintiff claims to have signed "loan documents" with "Lehman"—an entity that is not party to this action—but does not describe or attach said documents. Id. ¶ 22. Plaintiff further alleges that "the anticipated funding never came from Lehman" and insists that therefore "the mortgage is extinguished." Id. ¶ 21.

Plaintiff alleges that on June 13, 2015, he sent "a Notice of Rescission to Lehman as required to effect the requirements to rescind under TILA." Id. ¶ 24. Plaintiff alleges that Lehman failed to respond within 20 days as required by TILA. Id. ¶ 25-26. Plaintiff further alleges that on July 7, 2015, he sent "a Notice of Rescission to U.S. Bank as required to effect the requirements to rescind under TILA" and that U.S. Bank also failed to respond within 20 days as required under TILA. Id. ¶ 27-29. Plaintiff alleges, without any support, that Defendant U.S. Bank is "Lehman's successor and assignee," id. ¶ 41, but otherwise pleads no facts to indicate Defendant's relationship with his alleged loan that serves as the basis for his TILA claims.

Defendant was served in Cincinnati, Ohio, on May 23, 2016 and Plaintiff returned an executed summons on May 31, 2016. ECF No. 3. Defendant has not appeared in this case nor filed an answer or otherwise pled in response to the Complaint. ECF No. 7. On October 25, 2016, pursuant to Fed. R. Civ. P. 55(a), Plaintiff requested an entry of default by the Clerk of Court as to Defendant, and the Clerk entered default that same day. ECF No. 6.

Plaintiff's Complaint contains six counts. In Count One, for enforcement of rescission under 15 U.S.C. § 1635 (which grants consumers the right to rescind), Compl. ¶¶ 30-46, Plaintiff seeks "return of all funds paid by Plaintiff to any and all parties such as servicers of the alleged loan," id. ¶ 43, and "demands the Note be returned marked 'Cancelled.'" Id. ¶ 42. In Count Two, also for enforcement of rescission under 15 U.S.C § 1635, Plaintiff reiterates his allegation that Defendant failed to respond to his notice of rescission, thereby rendering his mortgage

unenforceable.  Id. ¶¶ 47-51.  In Count Three, id. ¶¶ 52-74, for enforcement of rescission under 12 C.F.R. § 226.23 (which states that rescission is effective when the consumer mails the notice of rescission), Plaintiff alleges that "Lehman and its agents and/or successors and assigns violated multiple counts of the Truth in Lending Act by failing to disclose to Plaintiff the true lender and using subterfuge to hide the fact that the 'lender' at closing was . . . [an] undisclosed unregistered third party." Id. ¶ 59.  Plaintiff again "demands the Note be returned marked 'Canceled,'" demands "return of funds paid by Plaintiff to any and all parties such as servicers of the alleged loan," and demands actual damages and costs.  Id. ¶¶70-73.  In Count Four, titled "the transaction was never consummated," Plaintiff alleges that Lehman made material misrepresentations in disclosure statements on Marcy 31, 2005, resulting in the alleged loan never being consummated.  Id. ¶¶77-88.  In Count Five, for enforcement of restitution, Plaintiff requests "damages," "an order to return the original Note marked 'cancelled,'" "restitution," and "declaratory relief."  Id. ¶¶ 89-93.  In Count Six (also titled "Fifth Cause of Action"), Plaintiff seeks unspecified declaratory and injunctive relief.  Id. ¶¶ 94-126.

## II. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).  Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.  See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).  Although the facts pled in the Complaint are accepted

3

as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has subject matter jurisdiction over this dispute 28 U.S.C. § 1331 because Plaintiff asserts a claim under a federal statute. See Compl. ¶ 1. The Court has personal jurisdiction over the Defendants because Plaintiff alleges a substantial portion of events giving rise to the claims occurred within New Jersey. Id. ¶ 10. Plaintiff returned an executed summons which was served by a process server in Ohio and notarized there, ECF No. 3, so the Court is satisfied that Defendant was properly served.

#### B. Liability

As Defendant has not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of Plaintiff's well-pled allegations as to liability. Comdyne I, 908 F.2d at 1149. But even assuming the truthfulness of Plaintiff's allegations, the Court is not satisfied that Plaintiff has sufficiently pled facts to support a finding of liability.

TILA provides consumers the right to rescind for three business days after closing on a loan. See Sherzer v. Homestar Mortg. Services, 707 F.3d 255, 256 (3d Cir. 2013) (citing 15 U.S.C. § 1635(a)). A consumer may exercise this right by "simply notify[ing] the creditor of his intention to do so, consistent with the applicable regulations." Id. When a consumer does not receive the

4

required disclosures before the loan commences, the consumer's period in which to rescind is extended until three days after the disclosures are received. Id. "That right of rescission is not perpetual, however, even if the consumer never receives all of the requisite disclosures. The right 'expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first.'" Id. (citing 15 U.S.C. § 1635(f)).

Plaintiff has alleged that: (1) Plaintiff and Lehman entered into some form of transaction relating to a mortgage or loan on or about March 31, 2005, and that Lehman failed to provide Plaintiff with legally required disclosures during that transaction, see Compl. ¶ 20; (2) that Plaintiff attempted to rescind the loan on June 13, 2015—ten years later—by contacting Lehman and invoking TILA, id. ¶ 24; (3) that Defendant U.S. Bank became the assignee and successor to Lehman, id. ¶ 41; and (4) that Plaintiff attempted to rescind the loan again on July 7, 2015 by contacting Defendant and invoking TILA, id. ¶ 27.

Plaintiff's conclusory legal allegations—that his loan disclosure statements violated TILA, that Lehman's and Defendant's failure to rescind his loan violated TILA, that his loan was never consummated, and that his loan is now legally unenforceable by virtue of his having sent notice of intent to rescind—are unsupported by well-pled, plausible facts. It is unclear from the face of Plaintiff's Complaint whether such a loan even exists, let alone whether the circumstances concerning its origination and management constitute violations of TILA. The Court cannot determine from Plaintiff's Complaint whether his alleged loan is of the type that may even be rescinded under TILA, nor whether Plaintiff's attempts to do so in 2015 were timely. Given

Plaintiff's failure to plead facts sufficient to establish a violation of TILA, the Court cannot find that Plaintiff is entitled to relief.[1]

## IV.　CONCLUSION

For the reasons set forth herein, Plaintiff's motion for default judgment, ECF. No. 7 is **DENIED without prejudice**.  An appropriate Order accompanies this Opinion.

**Dated: November 6th, 2017**

　　　　　　　　　　　　　　　　　　　　　　　*/s Madeline Cox Arleo*　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　**Hon. Madeline Cox Arleo**
　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

---

[1] Because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the "Court need not . . . credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'"  D'Agostino v. CECOM RDEC, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).  The Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." Baraka v. McGreevey, 481 F.3d 187, 211 (3d Cir. 2007).  Legal conclusions couched as factual allegations and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice" to prevent a motion to dismiss.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 555).